**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENRIQUE CHRISTIAN TENORIO, | No. 19-71321 |
| Petitioner, | |
| v. | Agency No. A090-489-725 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2022**
Pasadena, California

Before: BRESS and BUMATAY, Circuit Judges, and GLEASON,*** District
Judge.

Enrique Tenorio, a citizen of Mexico, seeks review of a Board of Immigration

Appeals (BIA) decision denying his untimely motion to reopen his immigration

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sharon L. Gleason, Chief United States District Judge
for the District of Alaska, sitting by designation.

proceedings. We review the denial of a motion to reopen for abuse of discretion and may grant relief only if the BIA's decision was "arbitrary, irrational, or contrary to law." *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017) (quoting *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002)). When, as here, the BIA adopts the decision of the Immigration Judge (IJ) as the BIA's final decision, we consider the IJ's decision as well. *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.     The BIA did not abuse its discretion in denying equitable tolling for Tenorio's motion, which was untimely by over nineteen years. *See* 8 C.F.R. § 1003.23(b)(1). To show that he was entitled to equitable tolling, Tenorio had to show (1) "a diligent pursuit of [his] rights," and (2) "that some extraordinary circumstance stood in [his] way and prevented timely filing." *Lona v. Barr*, 958 F.3d 1225, 1231–32 (9th Cir. 2020) (quotations omitted).

The IJ and BIA could reasonably conclude that Tenorio did not make this showing. "Equitable tolling is available where despite all due diligence, the party invoking the [doctrine] is unable to obtain vital information bearing on the existence of the claim. The party's ignorance of the necessary information must have been caused by circumstances beyond the party's control." *Ghahremani v. Gonzales*, 498 F.3d 993, 999 (9th Cir. 2007) (quotations and citations omitted).

Even if, as Tenorio claims, our decisions in *Medina-Lara v. Holder*, 771 F.3d

2

1106 (9th Cir. 2014), and *United States v. Aguilera-Rios*, 769 F.3d 626 (9th Cir. 2014), invalidated the original basis for his removal, which can constitute an extraordinary circumstance warranting equitable tolling, *see Lona*, 958 F.3d at 1230, Tenorio did not file his motion until approximately four years after we issued those decisions. Tenorio has not explained how circumstances beyond his control prevented him from learning of the claimed basis for his motion to reopen, especially when at no point after the issuance of his removal order did Tenorio consult with an attorney or take any other steps to investigate the possibility of reopening his immigration proceedings. And contrary to Tenorio's argument in his petition, due diligence is not required only after the petitioner subjectively learns of the alleged extraordinary circumstance. *See Avagyan v. Holder*, 646 F.3d 672, 680–81 (9th Cir. 2011). Thus, it was not an abuse of discretion for the IJ and the BIA to deny equitable tolling.[1]

2.  The BIA did not violate Tenorio's due process rights in adjudicating his motion to reopen. In support of this argument, Tenorio points only to the fact that the BIA's order had an incorrect header, describing his application as one for "Asylum; withholding of removal; Convention Against Torture" instead of a "Motion to Reopen." But other BIA documents used the correct header. Thus, the

---

[1] To the extent Tenorio challenges the agency's denial of *sua sponte* reopening, he does not raise any legal or constitutional error, and we thus lack jurisdiction to consider his argument. *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

record does not support Tenorio's claim that the BIA gave inadequate consideration to his motion or that this technical error prejudiced him. *See Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021) (articulating the prejudice requirement).

**PETITION DENIED.**